Smith v. Parman.

---

No. 21,429.

CHARLES W. SMITH, *Appellant,* v. JOHN PARMAN et al., (JOHN W. MORHAIN and ALBERT W. FOX, *Appellees*).

SYLLABUS BY THE COURT.

1. MALICIOUS PROSECUTION—*Action Barred—Statute of Limitations.* In an action for malicious prosecution, the first count of the petition is held subject to demurrer because the action was barred by the one-year statute of limitations. (Civ. Code, § 17, subdiv. 4.)

2. SAME—*Action Barred—Statute of Limitations.* The second count of the petition is held barred because an amendment alleging that defendants gave false testimony at the trial which resulted in plaintiff's conviction, brought in a new and different cause of action, and, having been filed more than one year after the cause of action accured, it was too late.

3. SAME—*Conviction in Police Court—Conclusive of Probable Cause.* The third count of the petition is held to state no cause of action, because it shows that the prosecution of plaintiff resulted in his conviction; notwithstanding his appeal and acquittal in the district court, the conviction in the police court is conclusive of probable cause.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 6, 1918. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*John Parman,* of Arkansas City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from a judgment sustaining a demurrer to the plaintiff's petition.

The action was one to recover damages for malicious prosecution. A plea in abatement by Parman, alleging that he acted in the matter as city attorney, resulted in a dismissal of the case as to him, which ruling was affirmed when the case was here before. (*Smith v. Parman,* 101 Kan. 115, 165 Pac. 663.) The case then proceeded against the other two defendants. The plaintiff filed an amended petition on the 5th day of May, 1916, and the only question involved is whether the demurrer to it was rightly sustained. The petition contains three counts. The first alleges that on September 14, 1914, the defendants maliciously caused the plaintiff's arrest, whereby he was detained at the police headquarters in the city of Arkansas City without probable cause and compelled to pay a fine of $5.00. This cause of action was barred by the statute which requires actions for malicious prosecution to be commenced within one year from the time the cause of action shall have accrued. (Civ. Code, § 17, Gen. Stat. 1915, § 6907.) Moreover, it shows a judgment of conviction, without even alleging that an appeal had been taken therefrom, and the judgment was conclusive of the fact that probable cause existed.

The second count makes the averments of the first a part thereof, and alleges that on September 14, 1914, the defendants maliciously and without probable cause filed a complaint before the police judge charging plaintiff with operating an automobile through the streets at a rate of speed in excess of six miles per hour contrary to a city ordinance; that plaintiff was arrested, brought before the police judge and forced to give a bond in order to keep from being placed in jail; that after his conviction he appealed to the district court where, on the 6th day of March, 1915, he was acquitted by a jury.

Thus far the averments follow substantially those of the

original petition, although there appears some attempt to lay stress upon the existence of a conspiracy between the defendants, but the original petition charged that the defendants conspired together. The principal amendment consists of a statement that defendants gave false testimony in the police court, upon which the plaintiff was convicted; that having taken an appeal in order to escape the judgment, the defendants gave perjured testimony at the trial in the district court. In the original petition it was alleged in this count that defendant Morhain testified falsely against plaintiff on the trial in the district court; but there was no statement that either of the defendants had testified falsely before the police judge. The plaintiff insists that no new or different cause of action is brought in by the amendment; that it merely amplifies and makes more specific the averments of the original petition, within the rule declared in *Railroad Co. v. Sweet,* 78 Kan. 243, 96 Pac. 657, and cases cited in the opinion. The plaintiff was confronted with the proposition that his conviction in the police court established the existence of probable cause, notwithstanding his acquittal in the district court. In Cooley on Torts, 2d ed., page 185, it is said:

"If the defendant is convicted in the first instance, and appeals, and is aquitted in the appellate court, the conviction below is conclusive of probable cause."

To the same effect is *Whitney v. Peckham,* 15 Mass. 243; *Griffis v. Sellars,* 2 Dev. & Bat. (N. C.) 492; *Clements v. Odorless Excavating Apparatus Co.,* 67 Md. 461, where it was said:

"A judgment thus rendered ought to be considered conclusive as to the question of probable cause, although it was reversed on appeal by the supreme court; otherwise, in every case of reversal, an action would lie for the institution of the original suit." (p. 463.)

(See, also, *Adams v. Bicknell,* 126 Ind. 210; *Boeger v. Langenberg,* 97 Mo. 390, and Note to the same case, 10 Am. St. Rep. 322.)

It has been held, however, that an exception to this rule obtains where the conviction was secured by false testimony or fraud.

In *Crescent Live Stock Co. v. Butchers' Union,* 120 U. S. 141, it was held that—

"The judgment of the court, in favor of the plaintiff, is conclusive proof of probable cause for the prosecution of the suit alleged to be

malicious, notwithstanding its subsequent reversal by an appellate court, unless it is shown to have been obtained by means of fraud." Syl. § 3.)

In *Ross v. Hixon,* 46 Kan. 550, 26 Pac. 955, it was said in the opinion:

"Again, while a conviction is generally conclusive of probable cause, yet it may be overcome by a showing that it was procured by fraud, undue means, or the false testimony of the prosecution." [Citing authorities.] (p. 554.)

It seems altogether probable that the amendment to the second count was made for the purpose of introducing an element which had been omitted from the original petition, in order to escape the doctrine that the conviction in the police court established the existence of probable cause. It can hardly be said, therefore, that the amendment merely amplified the statements already contained in the original petition. Our conclusion is that the amendment came too late.

The third count alleges that the defendants on the 3d day of March, 1915, wrongfully, unlawfully, and maliciously arrested plaintiff and took him before the police judge, where, in order to obtain his freedom until the day of the trial, he was compelled to give bond for his appearance and to employ counsel; that he suffered the humiliation of a public trial, after which he was discharged and now stands fully acquitted. The statement that he was arrested and taken before the police judge on the 3d day of March, 1915, we assume to be a mistake, because the averments of the other counts in the petition and the exhibits are made a part thereof, and these show that the arrest was made in September, 1914. No cause of action was stated in this count, because, notwithstanding the acquittal in the district court, the conviction in the police court is conclusive of probable cause.

The judgment is affirmed.