## Wytheville.

## EICHELBAUM V. KLAFF.

### June 12, 1919.

1. APPEAL AND ERROR—*Conflicting Evidence—Conclusiveness of Verdict.*—Where the issues of fact are submitted to a jury, upon conflicting evidence, their verdict is conclusive, unless the record discloses some harmful error.

2. SALES—*Time as Essence of the Contract—Waiver.*—In contracts for the delivery of goods time is not generally of the essence of the contract, and when by contract delivery by a certain date is made imperative, the vendee may waive it expressly, either in writing or by parol, and impliedly by inconsistent conduct.

3. WAIVER—*What Constitutes.*—Waiver is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or borbears the doing of something inconsistently with the existence of the right or of his intention to rely upon it; thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterward.

4. SALES—*Waiver — Case at Bar — Appeal and Error — Conflicting Evidence.*—The instant case was an action by a buyer against the seller upon a contract to deliver one thousand tons of industrial scrap iron in from ninety to one hundred days. The defense set up was that the plaintiff waived the clause of the contract with reference to the time of delivery, and that following such waiver the defendant was proceeding to make deliveries, and was ready to complete his contract when, without notice, the plaintiff refused to accept any further deliveries under the contract. The parol evidence was sharply conflicting, and the written evidence, consisting of a number of letters which passed between the parties, was of doubtful import, confusing and inconsistent.

   *Held:* That considering the evidence as upon a demurrer to defendant's evidence by the plaintiff, it was clear that the Supreme Court of Appeals would not be justified in sustaining the demurrer.

5. APPEAL AND ERROR—*Instructions—Sufficiency.*—Error is harmless where the instructions given by the court fairly presented the

issues to the jury, although from inadvertence they contained some verbal inaccuracies, there being no misstatement of the law, their meaning being plain, and the jury could not possibly have been misled.

Error to a judgment of the Corporation Court of city of Danville, in an action of assumpsit. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*A. S. Hester,* for the plaintiff in error.

*Harris & Harvey,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiff in error having bought of N. Klaff, under a written contract, one thousand tons of industrial scrap iron, to be delivered in from ninety to one hundred days, and the seller having failed to make delivery, instituted his action for breach of that contract. There was a verdict and judgment for the defendant and of this the plaintiff is here complaining.

[1] The defense set up is that the plaintiff waived the clause of the contract with reference to the time of delivery, and that following such waiver the defendant was proceeding to make deliveries and was ready to complete his contract when, without notice, the plaintiff refused to accept any further deliveries under the contract. The issues of fact were submitted to a jury, and their verdict is conclusive, unless the record discloses some harmful error.

The parol evidence is sharply conflicting, and the written evidence, consisting of a number of letters which passed between the parties, is of doubtful import, confusing and inconsistent. While the plaintiff relied upon one of his letters, which after having waived the original date of deliv-

ery, notified the defendant that unless the deliveries were completed by the 20th or 23rd of July, he would cancel the contract and sue for damages, the court and jury were fully justified in refusing to accept this as conclusive, because it clearly appears that he accepted the delivery of several cars after the 23rd of July. There is also language in other letters indicating that he had waived that as the final date of delivery, and there is parol evidence to the effect that he expressly made such a waiver.

[2] It is unnecessary to cite authority to sustain the general proposition, that in contracts for the delivery of goods time is not generally of the essence of the contract, and that when by contract delivery by a certain date is made imperative, the vendee may waive it expressly, either in writing or by parol, and impliedly by inconsistent conduct.

[3] Mr. Bishop thus defines waiver: "Waiver is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistently with the existence of the right or of his intention to rely upon it; thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterward." Bishop on Contracts, section 792.

A recent case illustrating the doctrine is *Danville Lumber & Mfg. Co.* v. *Gallivan Building Co.* (N. C.), 97 S. E. 718, citing *Reid* v. *Field*, 83 Va. 26, 1 S. E. 395.

[4] After this last waiver, and while the defendant was performing the contract, the plaintiff stopped deliveries on August 11, 1917, by writing the following letter: "Do not ship any more scrap iron on 1,000-ton contract to Lynchburg or Norfolk until further advised by me not later than Monday or Tuesday." The plaintiff desires this letter to be construed to mean that the defendant was not to ship any more scrap iron after the following Monday or Tuesday. The defendant did not so construe it, but on the contrary construed it to mean that the plaintiff would there-

after advise him as to further shipments on the contract, and this seems to be the only correct construction to put upon such language. After the receipt of that letter, the defendant wrote several times asking for further instructions. To these letters there was no satisfactory reply, though in one of them—that of August 18—the plaintiff wrote that upon receipt of the defendant's statement of the amount previously shipped, "I will let you hear from me in regard to shipping more material," whereas on the day before (August 17), the plaintiff's attorney had written to the defendant charging him with a breach of the contract, and that the claim for damages therefor had been placed in his hands for attention. Considering this evidence as upon a demurrer to defendant's evidence by the plaintiff, it is clear that we would not be justified in sustaining the demurrer.

[5] The other errors alleged are:

(1) To the giving, refusing and amending of instructions. It is sufficient to say as to this, that the instructions given by the court fairly presented the issues to the jury, and while from inadvertence there are some verbal inaccuracies which are justly criticised, there is no misstatement of the law, their meaning is plain, and the inaccuracies could not possibly have misled the jury. The point so much insisted upon, that the court should have construed the written testimony as decisive in favor of the plaintiff, is not well taken.

(2) It is claimed that the court erred in permitting certain pages of the ledger of the defendant, containing the account between the parties, to be carried to the jury room. This point is based upon the assertion of counsel that the record does not show that this account was introduced in evidence. It is sufficient to say as to this that he is mistaken.

We find no reversible error in the proceedings.

*Affirmed.*