No. 37,737

THOMAS HILL, *Appellant,* v. L. H. DAY, *Appellee.*

(215 P. 2d 219)

Opinion filed February 28, 1950.

*Ralph H. Noah,* of Beloit, argued the cause, and *W. S. Norris,* of Salina, was with him on the briefs for the appellant.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark* and *Jason K. Yordy,* also of Salina, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ARN, J.: This is an appeal from an order sustaining a demurrer to plaintiff's petition. It is difficult to ascertain from the lengthy petition whether it was intended to plead a cause of action predicated upon malicious prosecution or false arrest or both. The petition alleges:

"1. Plaintiff is now and has been for more than six years a resident of the City of Salina, in Saline County, Kansas, and his correct post office address is Salina, Kansas, and during all of the time aforesaid, and at all of the times mentioned herein, plaintiff was and is now engaged in business at 209 North Santa Fe Avenue, in Salina, Kansas.

"2. Defendant L. H. Day was at all of the times hereinafter mentioned the Chief of Police of the City of Salina, Kansas, duly appointed, qualified and acting as such officer, and was at all of such times a duly appointed, qualified and acting Police Officer of said City, and of the Police Department of said City, which is and was at all of such times a city of the first class, in Saline County, in the State of Kansas, and all of the acts of the defendant hereinafter set forth and complained of were done and performed by him under color of and by virtue of his authority as a Police Officer of said City.

"3. On the 10th day of June, 1947, at about 10:00 o'clock, a. m. of said day, plaintiff entered a cafe in the City of Salina, known as the Cafe Casa Bonita, located at the northeast corner of Santa Fe and Ash Streets in said City, at which time the defendant, L. H. Day, who was then the Chief of Police of the City of Salina, Kansas, and a duly appointed and acting Police Officer of the Police Department of said City, was in said cafe; that at or about said time, after some conversation between plaintiff and defendant, which on the part of the plaintiff was conducted in a quiet and orderly manner, the defendant, acting as a police officer as aforesaid, and wrongfully and illegally exercising the authority vested in him as such Police Officer, without any provocation or excuse whatsoever, and in the presence of numerous patrons and employees of said cafe whose names are unknown to the plaintiff, and without the plaintiff having in any manner committed any offense or crime of any kind or nature, in the presence of said defendant or otherwise, and without any warrant having been issued for the arrest of the plaintiff, arrested the plaintiff and took the plaintiff in custody, without in any manner stating or informing the plaintiff as to the cause of said arrest or the charge upon which he was arrested, and without stating anything to the plaintiff except that he was under arrest, the defendant took hold of the plaintiff's arm and forcibly took him to the Police Station of said City, which is located in the City Hall of said City about one block distant from said cafe; that while he was so being forcibly taken by the defendant to said Police Station, in the custody of defendant, the plaintiff and defendant who were on foot were in full view of members of

the public who were then using the public street and the sidewalks adjacent thereto, which were crossed and traversed by the plaintiff and defendant as aforesaid in the course of said trip, so that the fact that plaintiff had been arrested and was in the custody of the defendant as a police officer could be seen and was seen by such members of the public, and during such time the defendant refused, though asked by the plaintiff, to state why the plaintiff had been arrested and placed in custody by the defendant; that when the plaintiff was taken into the police station by defendant as aforesaid, he still was not advised of the charge upon which he had been arrested and taken into custody by the defendant; that the police officer at said police station who was in charge of booking prisoners who had been arrested asked the defendant what was the charge against the plaintiff, and the defendant said, 'I guess it will be disorderly conduct', or words to that effect, and the plaintiff was then, at the direction of the defendant, booked on the police blotter, which is a record kept by the Police Department of said City in said Police Station, showing the names of persons arrested by police officers and the nature of the charge on which they are arrested and the date of arrest, amount of bond required and posted, and other information, and was by a notation written on said blotter, charged with disorderly conduct, but no complaint on oath, written or oral, was then or at any other time made against the plaintiff by the defendant and no warrant for his arrest was at any time issued or served on plaintiff prior to his trial in the Police Court of said city as hereinafter referred to; that after said notation had been made on said blotter, the plaintiff was searched and his personal belongings were removed from his pockets by the defendant, and he was advised by the defendant that his trial on said charge of disorderly conduct would be held before the Police Judge of said City at four o'clock p. m. on that day and that he would be confined in the City Jail until that time unless he posted cash bail in the amount of $25.00; that plaintiff did not have that much money on his person at that time, but offered to deposit his check for that amount as bond for his appearance, but defendant refused to accept defendant's [plaintiff's] check for that purpose; that plaintiff asked permission of defendant to call certain acquaintances on the telephone to arrange for the posting of such cash bond required by defendant as aforesaid, and was permitted to call two persons for the purpose of making such arrangements; that one person so called could not be located, and the other one so called could not immediately come to the Police Station, and the defendant then stated to the plaintiff that until such bond was furnished, the plaintiff would have to go to jail, and the plaintiff was then by the defendant or under his direct order removed to and placed in the City Jail, which is in a building adjacent to the City Hall in which said Police Station is located, and was locked in said jail with other prisoners then imprisoned therein, for a period of about fifteen minutes, when he was removed therefrom and again taken into said Police Station, where one Earl Roberts, who had been previously called by the plaintiff on the telephone, deposited with the defendant, in his capacity as Chief of Police of said City, the sum of $25.00, in cash or by means of a check, as bond for the release of plaintiff from custody and for his appearance in the Police Court of said City on June 13, 1947, to answer to said charge of disorderly conduct; that on said June 13, 1947, at about four o'clock p. m., the plaintiff was brought to trial in said police court before the Police Judge of said City

in a case in said court entitled 'The City of Salina, Plaintiff, vs. Thomas Hill, Defendant,' on the charge placed against him by the defendant as aforesaid, of disorderly conduct, at which time the plaintiff and the defendant were present; that up to the time of the commencement of said trial, no complaint on oath had ever been made against the plaintiff charging him with disorderly conduct or any other offense against the ordinances of the City of Salina; that at the conclusion of said trial, the Police Judge of said City made an order finding plaintiff guilty of a charge that he, the plaintiff, did on the 10th day of June, 1947, unlawfully and wilfully conduct himself in a riotous and disorderly manner and did commit a nuisance in a public place, and said Police Judge did order and adjudge that the plaintiff pay a fine to the City of Salina in the sum of $25.00 and the costs of said action which he taxed at $17.00 and that the plaintiff be imprisoned in the City Jail until said fine and costs were paid, and the said Police Judge then entered said charge and the finding and judgment of the Police Court as aforesaid on the docket of said Police Court; that no costs of said action in the amount of $17.00 had then accrued in said action or could accrue in said action in said Police Court under the ordinances of said city or the laws of Kansas applicable thereto; that thereupon the plaintiff duly appealed from the said judgment of said Police Court to the District Court of Saline County, Kansas, and was required by the Police Judge of said city to give an appeal bond in the sum of $200.00 for his appearance at the next term of said District Court, which bond the plaintiff did give in said amount with one Bert Lamb as security thereon, on the 16th day of June, 1947, on which date said police judge approved said bond and filed the same, and on June 17, 1947, said bond and a transcript of the proceedings in said Police Court was filed by said Police Judge in the office of the Clerk of the District Court of Saline County, Kansas, and said case was duly docketed in said District Court under the title of 'The City of Salina, Plaintiff, vs. Thomas Hill, Defendant, No. 3240.'

"4. That the next term of the District Court of Saline County, Kansas, following the giving of said appeal bond by the Plaintiff as aforesaid, commenced on September 9, 1947, on which day the Plaintiff appeared in said Court pursuant to the provisions of his said bond, and the City Attorney of said City announced that said case would not be tried at said term and the same was continued until the next term of said Court, and on December 2, 1947, which was the first day of the next ensuing term of said District Court, the plaintiff appeared in said District Court and the City Attorney of said City announced that said case would not be tried at said December term of said court and the same was continued until the next term of said court, and on January 19th, 1948, which was one of the days of the December, 1947, term of said court, the City Attorney of said City on behalf of the City of Salina filed in said court a motion to dismiss said case, and on said day the said case was dismissed by the court.

"5. That on June 10, 1947, when the plaintiff was arrested and taken into custody by the defendant as aforesaid, and placed in the City Jail by the defendant as aforesaid, the plaintiff was not guilty of disorderly conduct, or of conducting himself in a riotous and disorderly manner or of committing a nuisance in a public place, or of any other offense and had committed no offense or crime of any kind in the presence of the defendant

or otherwise; that the acts of the defendant, as aforesaid, in arresting the plaintiff and taking him in his custody as a Police Officer, and in confining and imprisoning the plaintiff in the City Jail, were done without any provocation or justification or lawful authority whatsoever, and the plaintiff was so arrested and taken into custody and confined and imprisoned in the City Jail by said defendant without any warrant for the arrest of the plaintiff having been issued by any court, judge, magistrate, or other officer having authority to issue a warrant for plaintiff's arrest, and without the plaintiff having committed any crime or offense in the view of said defendant, and without the plaintiff having conducted himself in the view and presence of said defendant in a riotous and disorderly manner and without the plaintiff having committed any nuisance in a public place, or having in the view and presence of said officer violated any ordinance of the City of Salina, or any law of the State of Kansas, of any kind whatsoever.

"6. That the unlawful and unjustified arrest and imprisonment of the plaintiff by the defendant as aforesaid caused the plaintiff to suffer great humiliation, shame and mental distress and personal injury resulting from the force used on plaintiff by defendant, and damaged and injured his reputation and character, and disgraced him in the eyes of his friends, acquaintances and others in the community where he resided and caused him great worry, mental distress and mental and physical suffering, and inconvenienced and interrupted him in carrying on his business, and caused him great loss in his business, and caused him loss and expense by reason of money expended in defending himself against said unlawful, unjustified and malicious charge brought against him by the defendant as aforesaid, all to the plaintiff's damage in the sum of $5,000.00.

"7. That all of the acts of the defendant as aforesaid were done maliciously, on account of the malice and ill will of the defendant against the plaintiff, and for the purpose of humiliating, shaming, disgracing, and worrying the plaintiff, and injuring his character, reputation, and business, and causing him mental and physical suffering and distress and expense, by reason of which plaintiff is entitled to recover from defendant the further sum of $5,000.00 as exemplary damages.

"WHEREFORE, plaintiff prays that he have and recover from the defendant the sum of Ten Thousand Dollars, and his costs herein incurred and expended."

Plaintiff resisted defendant's motion to make the petition more definite and certain by stating the substance of the conversation between the parties prior to the arrest, and for an order requiring plaintiff to separately state and number his causes of action for false arrest and malicious prosecution. This motion was overruled in its entirety and defendant demurred on the ground that the petition did not state facts sufficient to constitute a cause of action. The trial court, upon sustaining the demurrer, gave plaintiff forty days within which to file an amended petition and ordered that if plaintiff did not do so, judgment for costs would be rendered

against him. An amended petition was not filed and in due time the trial court ordered plaintiff to pay the costs of the action.

Perhaps this appeal could be disposed of following the rule announced in the syllabus of *Sharp v. Cox,* 158 Kan. 253, 146 P. 2d 410, as follows:

"In an action for damages against one defendant for false arrest and imprisonment and against three others for malicious prosecution, or perhaps for false arrest and imprisonment, the court correctly sustained demurrers on behalf of the three defendants because of lack of allegations of issuable facts as to them, and also because as to them the petition was not drawn upon a single and definite theory."

The opening statement of appellant's brief to this court, supported by his oral argument, describes this action as one "for false arrest and imprisonment." The petition (¶ 3) alleges that plaintiff was tried and convicted in the police court of the city of Salina of the offense for which he was arrested and charged. Does this fact satisfy the rule that a showing of probable cause for such an arrest and prosecution is a complete defense to an action for malicious prosecution or false arrest where there is no showing of fraud or perjury in the conduct of the trial and obtaining the conviction? We think so, and have so held in a malicious prosecution case:

"The third count of the petition is held to state no cause of action, because it shows that the prosecution of plaintiff resulted in his conviction; notwithstanding his appeal and acquittal in the district court, the conviction in the police court is conclusive of probable cause." *Smith v. Parman,* 102 Kan. 787 [Syl. ¶ 3], 172 Pac. 33.

The police court of Salina had jurisdiction to try the merits of the charge against plaintiff and to convict or acquit him. He was convicted, and that was a final judgment unless appealed from. It is not like a justice court's preliminary examination for the purpose of determining only probable cause and binding over to another court for trial upon the merits. This distinction was noted in *Ross v. Hixon,* 46 Kan. 550, 554, 26 Pac. 955, thus:

"In the one case there is a solemn judgment, rendered by a court having full and complete jurisdiction both of the parties and subject matter, binding on all until reversed on appeal or error. In the other case there is a finding in effect that sufficient facts have been developed that justifies a magistrate in sending the parties before a court competent to ultimately deal with the question of guilt or innocence."

Where a court possesses the power and jurisdiction to hear the evidence and determine the guilt or innocence of the defendant and to

punish if found guilty, a judgment of conviction in such court obtained without perjury, fraud or corruption, is a conclusive determination that there was probable cause for the arresting and prosecuting officers to believe the defendant guilty of the alleged offense.

Having concluded that such a judgment of conviction amounts to a conclusive determination that probable cause for the arrest and prosecution existed (absent any showing of perjury, fraud or corruption in obtaining the judgment), it is well settled law that a showing of such probable cause as to the guilt of the person arrested is a proper and legal defense to an action for malicious prosecution or for false arrest and imprisonment. (*Torson v. Baehni*, 134 Kan. 188, 5 P. 2d 813.) Therefore, when the petition shows upon its face that there has been such a *judgment of conviction*, it fails to allege a cause of action for either malicious prosecution or unlawful arrest and imprisonment.

Appellant contends the majority rule is that a showing of probable cause is not a defense to an action for false imprisonment, and cites *Comer v. Knowles*, 17 Kan. 436; *Garnier v. Squires*, 62 Kan. 321, 62 Pac. 1005; *Bank v. McDowell*, 7 Kan. Ap. 568, notes in 19 A. L. R. 671 and 137 A. L. R. 504. Appellant concedes that *Torson v. Baehni*, supra, holds that a showing of probable cause is a defense to such an action, but points out that in the Torson case the alleged unlawful arrest was for a felony. But false arrest and imprisonment is a wrongful restraint and interference with the personal liberty of an individual, and it would seem to matter little what the remote reasons for that restraint might be—whether an alleged felony or misdemeanor—provided there was probable cause to believe the individual guilty of the offense for which he was arrested. It then becomes a question as to whether there was probable cause—and the trial on the merits conclusively determined that fact.

A properly qualified officer of the law has authority to arrest either a felon or the perpetrator of a misdemeanor involving a breach of the peace without a warrant when he has reasonable grounds—and probable cause—for believing the person arrested is guilty.

None of the Kansas cases relied upon by appellant, listed above, go quite as far as appellant suggests. The Garnier case, *supra*, states the rule thus:

"An arrest by an officer of the law without a warrant will not constitute false imprisonment if the officer arresting has reasonable grounds to believe that a felony has been committed; but a private person arrests without a warrant at

his peril, and it will be a false imprisonment unless it can be shown that a felony has actually been committed." (p. 325.)

The term "felony" is stressed in the Torson case because the court was there concerned with a felony. As we have already stated, there is no reason for making a distinction between a felony and a misdemeanor in again announcing the rule that a showing of probable cause for making the arrest is a complete defense to an action for unlawful arrest.

Appellee also cites *City of Wichita v. Hibbs,* 158 Kan. 185, 146 P. 2d 397, as another argument that the petition does not state a cause of action. It was there held that the giving of a bond for bail and an appeal bond constitute a waiver of any right to object to the legality of an arrest without warrant. The petition before us alleges (¶ 3) the making of both such bonds, and the Hibbs case seems to be somewhat in point. See, also, *State v. Miller,* 87 Kan. 454, 124 Pac. 361; *Mitchell v. Kemp & Burpee Mfg. Co.,* 218 Fed. 843, 846; *Marine Iron Works v. Wiess,* 148 Fed. 145, 153; *Southwest Cotton Co. v. Valley Bank,* 26 Ariz. 559, 227 Pac. 986, 988; *Ohio Valley Buggy Co. v. Anderson Forging Co.,* 168 Ind. 593, 81 N. E. 574, 578; *Ford v. Ott,* 186 Ia. 820, 173 N. W. 121, 124; *Colbath v. Lumber Co.,* 127 Me. 406, 144 Atl. 1, 4; *Marquette County Sav. Bank v. Koivisto,* 162 Mich. 554, 127 N. W. 680; *Wolf v. Shulz Folding Box Co.* (Mo.), 44 S. W. 2d 866, 869; *Manufacturing Co. v. Building Co.,* 177 N. C. 103, 97 S. E. 718, 720; *The Liverpool, etc., Ins. Co. v. Richardson Lumber Co.,* 11 Okla. 585, 625, 69 Pac. 938, 951; *Eichelbaum v. Klaff,* 125 Va. 98, 99 S. E. 721, 722.

The petition did not state a cause of action and the demurrer thereto was properly sustained. The judgment of the trial court is affirmed.