No. 48,424

JAMES R. EARLEY, *Appellant,* v. HARRY'S IGA NO. 1, 2, 3, 4, INC., HARRY M. BAUERSFELD; JOE BIGGS, *Appellees.*

(573 P.2d 572)

Opinion filed November 5, 1977.

*Paul W. Clark,* of Clark and Lykins, of Topeka, was on the brief for the appellant.

*Robert D. Ochs,* of Fisher, Ralston and Ochs, of Topeka, and *Wendell F. Cowan, Jr.,* of Crane, Martin, Claussen, Hamilton and Barry, of Topeka, were on the brief for the appellees.

*Per Curiam:* This is an action to recover damages for malicious prosecution. The plaintiff Earley, along with a companion, left a grocery store in Topeka without going through the checkout stand and without paying for certain items of merchandise. Merchandise identified as property of the grocery store was later found in their possession. The plaintiff was charged in municipal court and was tried and found guilty of shoplifting. He then appealed to the district court. At the trial the district court sustained Earley's motion for acquittal because the police officers failed to show up as witnesses and as a result the chain of custody of the merchandise was not established. Thereafter, this civil action seeking damages for malicious prosecution was filed. The district court granted summary judgment to the defendants. The plaintiff Earley has appealed.

We hold that the trial court did not err in granting summary judgment in this case. A conviction by a police court having jurisdiction of an offense for which one is arrested is conclusive on the issue of probable cause even though the case may later be dismissed in the district court by the prosecution following an appeal and even though the plaintiff is acquitted of the charge in the district court on appeal, unless the conviction in the police court was based upon perjured testimony, fraud, or corruption. (*Hill v. Day,* 168 Kan. 604, 215 P.2d 219; and *Smith v. Parman,* 102 Kan. 787, 172 Pac. 33.)

The issue presented is thoroughly discussed in the district court's memorandum opinion. There is nothing in the record to show that the plaintiff had evidence sufficient to establish that the

conviction in police court was based upon perjured testimony, fraud, or corruption. If the plaintiff had such evidence he had the duty to present it to the trial court for its consideration on the motion. This the plaintiff failed to do. .

The judgment is affirmed.