51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jo Ann SANDERS, Plaintiff-Counter-Defendant-Appellant,
v.
Kerry HOWLETT, Defendant-Appellee, The City of Edwardsville,
Kansas; Larry S. McArthur, Terry L. Hammontree, and Tony
Novitch, d/b/a A & P Auto Repair and Tow, Defendants, Kathy
L. Benson, Defendant-Counterclaimant.
 No. 93-3393.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Jo Ann Sanders appeals from the granting of summary judgment in favor of defendant-appellee Kerry Howlett. We exercise jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 2
 The undisputed facts are as follows. Defendant was a member of the board of directors of Grinter Place, a charitable organization. Grinter had granted the gas company an easement on property adjacent to plaintiff's home to install a gas regulator. Plaintiff claimed the regulator emitted noxious odors and made loud noises. After her husband's death, which she blamed on the regulator, she boarded up the house and left.
 
 
 3
 Plaintiff parked her vehicle in front of defendant's home. She placed a sign in her window that stated "Grinter forced me out of my home. A senior." Defendant asked plaintiff to leave. She refused. Defendant called the City of Edwardsville Police Department. Several officers responded and asked her to leave. When she declined to do so, they started having her car towed. She came out of the car and a fight ensued with the officers.
 
 
 4
 Plaintiff was charged with disorderly conduct, resisting arrest, and battery to a law officer. A municipal court found her guilty of all counts. On appeal to the state district court, a jury found her guilty only of the battery count.
 
 
 5
 Plaintiff commenced this 42 U.S.C. Sec. 1983 action against defendant, the City of Edwardsville, the arresting officers, and the tow truck company, claiming their actions violated her constitutional rights in various respects. The district court granted summary judgment to defendant.[1] It concluded in relevant part that defendant was not acting under color of law in causing plaintiff's arrest, and that the municipal court conviction provided a complete defense to plaintiff's false arrest and prosecution claims absent a showing it was obtained by fraud or perjury. The court concluded plaintiff failed to show fraud or perjury led to the conviction.
 
 
 6
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Universal Money Ctrs., Inc. v. AT & T, 22 F.3d 1527, 1529 (10th Cir.), cert. denied, 115 S.Ct. 655 (1994). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Id. (quoting Rule 56(c)). "[W]e examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the district court. Id.
 
 
 7
 Plaintiff first contends the district court erred in determining that defendant was not acting under color of law when he conspired with the arresting officers to cause her unlawful arrest. To recover under Sec. 1983, a plaintiff must show the defendant acted under color of law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Private persons who are jointly engaged with state officials in prohibited conduct are acting under color of law. Id. at 152. However, "the mere furnishing of information to police officers who take action thereon does not constitute joint action under color of state law which renders a private actor liable under Sec. 1983." Lee v. Town of Estes Park, 820 F.2d 1112, 1115 (10th Cir.1987). Rather, the arrests must have " 'resulted from ... concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power.' " Gallagher v. "Neil Young Freedom Concert", No. 93-4122, 1995 WL 82681, at * 12 (10th Cir. Feb. 28, 1995) (quoting Carey v. Continental Airlines, Inc., 823 F.2d 1402, 1404 (10th Cir.1987)). A private party who reports conduct to the police has not acted under color of law where the police make an independent decision to arrest. See id.
 
 
 8
 The undisputed facts are that the officers decided to tow plaintiff's car because a crowd of teenagers was gathering around and yelling, and the officers wished to prevent a riot. The officers were trying to arrest plaintiff because, they claimed, she was cursing and causing them trouble. In addition, Officer McArthur had seen what he thought was a gas can in her car, and feared that because she was picketing and was angry, she could cause someone harm. McArthur also testified that the officers actually arrested plaintiff after she came out of her car and became involved in an altercation with them. While plaintiff was charged with disorderly conduct based on defendant's complaint, she was also charged with resisting arrest and battery to a law enforcement officer.
 
 
 9
 We conclude these undisputed facts establish that the officers made an independent decision to arrest plaintiff. In this respect, the facts of this case are distinguishable from those in Lusby v. T.G. & Y. Stores, Inc., 749 F.2d 1423, 1430 (10th Cir.1984), vacated on other grounds by 474 U.S. 805 (1985), and cert. denied, 474 U.S. 818 (1985), where we found a private person who reported a crime acted under color of law because the police arrested the suspects solely in reliance on the complainant's word. Such, we concluded, allowed the private person's judgment to be substituted for that of the police. Id. We agree with the district court that defendant did not act under color of state law in causing plaintiff's arrest.
 
 
 10
 Plaintiff also claimed that defendant conspired with others to cause the filing of false and groundless criminal charges to force her to abandon her legal claims against defendants. Section 1983 provides a remedy only for deprivation of rights protected by the Constitution. Collins v. City of Harker Heights, 503 U.S. 115, ----, 112 S.Ct. 1061, 1066 (1992). We have characterized the use of criminal complaints by private parties to coerce a release of civil liability as a malicious prosecution which qualifies as a deprivation of due process cognizable under Sec. 1983. Lusby, 749 F.2d at 1431. It would appear that due process no longer provides a basis for a malicious prosecution action under Sec. 1983 after the Supreme Court's recent decision in Albright v. Oliver, 114 S.Ct. 807 (1994). Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir.1994).
 
 
 11
 Regardless of the appropriate constitutional basis for a malicious prosecution claim, we conclude the claim was properly dismissed. The common law of torts is the starting point for determining the contours of a Sec. 1983 claim. Heck v. Humphrey, 114 S.Ct. 2364, 2370-71 (1994). Lack of probable cause to initiate criminal proceedings is an essential element of the tort of malicious prosecution in Kansas. Lindenman v. Umscheid, 875 P.2d 964, 974 (Kan.1994). A municipal court's finding of guilt on the charges is conclusive evidence that there was probable cause, although plaintiff was subsequently acquitted in district court on appeal. Earley v. Harry's IGA No. 1, 2, 3, 4, Inc., 573 P.2d 572, 572 (Kan.1977).
 
 
 12
 Plaintiff correctly notes this rule is inapplicable if the municipal court conviction was obtained by perjury or fraud. Id. She argues her convictions were obtained by perjury or fraud because defendant and/or the arresting officers falsely asserted that she was parked in front of defendant's mailbox, that she used threatening language, and that she made threatening or obscene phone calls to defendant.
 
 
 13
 Plaintiff made no showing to this court that defendant or the arresting officers testified in municipal court to any of the matters which she claims are untrue. All she provided us is a one-page excerpt from the municipal court trial in which defendant testified that when he approached plaintiff's car and asked her to move, she said she was not going to move, and that no one could make her move. We conclude this showing is insufficient to establish that fraud or perjury led to the municipal court convictions.
 
 
 14
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The district court granted summary judgment dismissing the action against the City and tow truck company. It granted partial summary judgment to the arresting officers, and plaintiff settled her remaining claims against them