J. Carey Brown CJIS Director Office of the Attorney General Jayhawk Tower, 5th Floor Topeka, Kansas 66612
Dear Mr. Brown:
As director of the Criminal Justice Information System (CJIS) you seek our opinion on the status of the Kansas Standard Offense Report and Standard Arrest Report under the Kansas Open Records Act (KORA).
You ask:
 "1. Included in the information collected from victims and witnesses for the Offense Report is the person's social security number, drivers' license number, home phone number, home address, and employment information. Are there circumstances when the names are made public that the personal data for the person may be protected from public view?
 "2. Is the Kansas Arrest/Juvenile Contact Report an `open public record' when it is used to report the arrest of an adult or a juvenile 14 years of age or more? And if so, are personal identification numbers part of the open public record?"
According to the Kansas Bureau of Investigation (Bureau), the Standard Offense Report (SOR) is filled out by law enforcement agencies to maintain a record of certain criminal offenses reported within the agencies' jurisdictions. The form was designed by the Attorney General's office and the Bureau under authority of K.S.A. 21-2501a and K.S.A.21-2504. Once filled out by law enforcement, it is sent to the Bureau where certain information from the form is maintained in electronic form as part of the Kansas Incident Based Reporting System (KIBRS). The objectives of the KIBRS are generally to create and maintain a comprehensive database for analysis of crime in Kansas and identification of crime trends. Information from the SOR is not entered into the CJIS as criminal history record information under the Criminal History Record Information Act, K.S.A. 1997 Supp. 22-4701 et seq., and an offense is not itself a reportable event under K.S.A. 22-4705.
Under the KORA, a public record is to be open for inspection by any person unless it falls within one of the categories of records which are not required to be disclosed or disclosure of which is specifically prohibited by statute.[1] A public record is defined as "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency."[2]
A "public agency" is any political or taxing subdivision of the state or subordinate body thereof which receives or expends and is supported in whole or in part by public funds.[3] County sheriffs' offices and municipal police departments are public agencies for purposes of the KORA.
K.S.A. 1997 Supp. 45-221 sets forth categories of records which may be closed. It provides, in relevant part:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
 "(1) Records the disclosure of which is specifically prohibited or restricted by federal law, state statute or rule of the Kansas supreme court or the disclosure of which is prohibited or restricted pursuant to specific authorization of federal law, state statute or rule of the Kansas supreme court to restrict or prohibit disclosure.
. . . .
 "(10) Criminal investigation records, except that the district court, in an action brought pursuant to K.S.A. 45-222, and amendments thereto, may order disclosure of such records, subject to such conditions as the court may impose, if the court finds that disclosure:
"(A) Is in the public interest;
 "(B) would not interfere with any prospective law enforcement action;
 "(C) would not reveal the identity of any confidential source or undercover agent;
 "(D) would not reveal confidential investigative techniques or procedures not known to the general public;
 "(E) would not endanger the life or physical safety of any person; and
 "(F) would not reveal the name, address, phone number or any other information which specifically and individually identifies the victim of any sexual offense in article 35 of chapter 21 of the Kansas Statutes Annotated, and amendments thereto.
. . . .
 "(30) Public records containing information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy."
The term "criminal investigation records" is defined as follows:
 "Criminal investigation records" means records of an investigatory agency or criminal justice agency as defined by K.S.A. 22-4701 and amendments thereto, compiled in the process of preventing, detecting or investigating violations of criminal law, but does not include police blotter entries, court records, rosters of inmates of jails or other correctional or detention facilities or records pertaining to violations of any traffic law other than vehicular homicide as defined by K.S.A. 21-3405 and amendments thereto."[4]
The front page of the SOR contains fields to: describe the offense, such as the type of a theft, whether from a coin machine, from a building, etc.; identify the type of force involved, such as firearm, handgun, poison, etc.; provide information on the victim of the crime, including whether it is a business or an individual, including name, address, home telephone number, date of birth, driver's license number, social security number, employer, work telephone number, employer's address, the victim's relationship to the suspect, and the type of injury; describe any property involved in the crime, including type of loss, type of property, quantity, and value; and identify the reporting officer.
The back page of the SOR may contain information on the method used to commit the crime, information on suspects, evidence, and a description of how the offense was committed.
In Attorney General Opinion No. 87-25 this office concluded that the front page of the SOR is open because it is routine information-simply the report of a crime. The back page, however, was determined to be closed because it is of an investigatory nature. Attorney General Opinion No. 92-149 reaffirmed that the front page of the SOR is generally open, but concluded that based upon the personal privacy exception, now K.S.A. 1997 Supp. 45-221(a)(30), information identifying the victim of certain sex crimes could be closed. Subsequently the Legislature amended the KORA's exception for criminal investigation records, specifically allowing closure of identifying information on the victims of certain sex crimes.[5]
Attorney General Opinion No. 87-25 was based in part on HoustonChronicle Publishing Co. v. Houston.[6] In Houston Chronicle the Court noted that there are competing interests in the openness of offense reports, and that the public has a strong interest in police activity and the rate of crime. We agree that these prior opinions were correct in principle, and the first page of the SOR is generally open.
Your question, however, raises the issue of whether some of the information on the victim of a non-sex offense crime can be closed for other reasons or whether there are any exceptions to openness. Because the Legislature specifically allowed closure of identifying information on victims of sex crimes, we must assume that the Legislature intended for identifying information for victims of other crimes to be subject to the KORA and presumed to be open. However, there may be unusual circumstances where disclosure of certain information on an SOR might be a clearly unwarranted invasion of personal privacy under K.S.A. 1997 Supp. 45-221(a)(30). For instance, if disclosure of the address of a specific victim of a crime might subject that victim to some unusual danger, then we believe that information could be redacted from the front page of the SOR whenever it is publicly disclosed. Such redactions require substantial justification, and should be the exception rather than the rule.
It is important to remember that under the KORA if a document contains some material which is not subject to disclosure and some material that is subject to disclosure, a public agency is under a duty to make available that material which is subject to disclosure.[7]
One specific concern you raise is disclosure of social security numbers. Attorney General Opinion No. 87-168 concerned whether attorney registration records were open. While the opinion concluded that the registration records were open, this office said that social security numbers could be redacted as a clearly unwarranted invasion of personal privacy. The opinion noted that while federal law did not actually prohibit the disclosure of social security numbers, section 7 of the Privacy Act of 1974 [8] placed limits on the government's use and disclosure of social security numbers. We note that as social security numbers have become increasingly relied upon by financial institutions, the potential harm from fraudulent use of someone else's social security number has increased. While there is a public interest in information on victims of crimes, we do not see a public interest in disclosing the victims' social security numbers, and believe that they can be redacted from the front page of the SOR whenever it is publicly disclosed.
Standard Arrest Reports are also forms designed under the authority of K.S.A. 21-2501a and K.S.A. 21-2504. Again, certain information from the Arrest Report is sent by local law enforcement agencies to the Bureau where it is maintained in electronic form as part of the KIBRS. Information from the Arrest Report is not used to enter into the CJIS criminal history record information under the Criminal History Record Information Act. Criminal history record information on arrestees is derived from the cards containing fingerprints and mug shots.
Only some of the information on the Arrest Report is entered into the KIBRS. Other information fields on the Arrest Report are included on the form to provide a convenient way for local law enforcement agencies to keep records of arrests, presumably to encourage use of the form. In addition to name, address, date of arrest and charges, there are fields for detailed information on identifying characteristics of the arrestee such as hair length, hair style, scars and tattoos. There are data fields for behavior of the arrestee, and whether the arrestee was armed. There are also fields for various identifying numbers, such as the NCIC number and Alert-KBI-FBI number.
Some of the information entered on the Arrest Report would cause it to be categorized as a criminal investigation record under K.S.A. 1997 Supp. 45-217(b) because it is compiled in the process of preventing, detecting or investigating violations of criminal law and goes beyond a mere routine recitation of events. This would allow portions of the Arrest Report to be closed under K.S.A. 1997 Supp. 45-221(a)(10). But we believe that it is not necessary to consider in detail which information may be closed, because it is our opinion the Arrest Report must be closed for other reasons.
The fact that the information from the Arrest Report is not entered into the CJIS does not end the inquiry into whether it is subject to the restrictions of the Criminal History Record Information Act. K.S.A. 1997 Supp. 22-4701 defines criminal history record information and provides in relevant part:
 "(b) `Criminal history record information' means data initiated or collected by a criminal justice agency on a person pertaining to a reportable event. The term does not include:
 "(1) Data contained in intelligence or investigatory files or police work-product records used solely for police investigation purposes;
 "(2) juvenile offender information other than data pertaining to a person following waiver of jurisdiction pursuant to the Kansas juvenile code or an authorization for prosecution as an adult pursuant to the Kansas juvenile offenders code;
 "(3) wanted posters, police blotter entries, court records of public judicial proceedings or published court opinions; . . ."
An arrest is a reportable event to the CJIS.[9] An arrest report, then, is a record of data initiated or collected by a criminal justice agency on a person pertaining to a reportable event. While portions of the arrest report are used internally by the local law enforcement agency as investigatory files, the sole purpose of the arrest report is not police investigation purposes, so it is not excluded from the definition by subsection (1). We believe, therefore, that an arrest report is criminal history record information.
K.S.A. 22-4707 generally prohibits dissemination of criminal history record information. It provides:
 "(a) A criminal justice agency and the central repository may not disseminate criminal history record information except in strict accordance with laws including applicable rules and regulations adopted pursuant to this act. A criminal justice agency may not request such information from the central repository or another criminal justice agency unless it has a legitimate need for the information.
 "(b) Noncriminal justice persons and agencies may receive criminal history record information for such purposes and under such conditions as may be authorized by law, including rules and regulations adopted pursuant to this act.
 "(c) In addition to any other remedy or penalty authorized by law, any individual violating or causing a violation of the provisions of this section shall be deemed guilty of a class A nonperson misdemeanor. If the person is employed or licensed by a state or local government agency, a conviction shall constitute good cause to terminate employment or to revoke or suspend a license."
No rules or regulations have been implemented permitting local law enforcement agencies to make public Standard Arrest Reports, therefore we believe they are mandatorily closed.
This is not to say that the public does not have access to information in arrests.
K.S.A. 22-4708 expressly provides:
 "Notwithstanding the provisions of the preceding section, a criminal justice agency may disclose the status of a pending investigation of a named person, or the status of a pending proceeding in the criminal justice system, if the request for information is reasonably contemporaneous with the event to which the information relates and the disclosure is otherwise appropriate."
Moreover, jail rosters and police blotter entries are expressly excepted from KORA's definition of criminal investigation records.[10] Police blotters are also excluded from the definition of criminal history record information.[11] While there is no clear definition of the term "police blotter" in the Kansas statutes, in one Kansas case, Hill v.Day,[12] a police blotter is described as:
 "`a record kept by the Police Department of said City in said Police Station, showing the names of persons arrested by police officers and the nature of the charge on which they are arrested and the date of arrest, amount of bond required and posted, and other information, . . . .'"
This comports with other definitions of police blotters. Black's defines "bench blotter" as a "[r]ecord of arrests and other happenings kept by police."[13]
While we are unaware of any statute which requires a law enforcement agency to maintain a blotter, we do not think that information on arrests can be closed to the public and press by simply not including arrest information in a blotter. In Stephens v. Van Arsdale,[14] the KansasSupreme Court cited the landmark U.S. Supreme Court case Nixon v. WarnerCommunications Inc.,[15] and held that in Kansas there was traditionally a common law (but not Constitutional) right to inspect public records, which was supplemented by the predecessor to KORA, the Kansas Public Records Inspection Act. Other states have recognized the public's right of access to records providing information on arrests. InNewspapers, Inc. v. Breier,[16] the Wisconsin Supreme Court said,
 "The power to arrest is one of the most awesome weapons in the arsenal of the state. It is an awesome weapon for the protection of the people, but it is also a power that may be abused. In every case, the fact of an arrest and the charge upon which the arrest is made is a matter of legitimate public interest. The power of arrest may be abused by taking persons into custody on trivial charges when charges of greater magnitude would be appropriate. The power of arrest may be abused by overcharging for the purpose of harassing individuals and with the expectation and intent that the initial charge will be dismissed or substantially reduced.
 "In any event, curbing abuse of the arrest power is only possible if the public can learn how that power is exercised. . . ."
In short, the Standard Arrest Report is closed. We believe, however, that in specifically exempting police blotters from the definitions of criminal investigation records and criminal history record information, the Legislature was recognizing the common law right of access to information on arrests and intended for the public and press to have access to basic information on arrests at a point reasonably contemporaneous with the arrest. This access may come in the form of access to police blotters. If a law enforcement agency does not maintain information on arrests in a blotter, we believe the law enforcement agency has an obligation to make basic blotter-type information about arrests available reasonably contemporaneously with the arrest. Basic information would include the name, actual address if known, age, sex, date, time and place of arrest, and the offense for which the person was arrested.
In summary, the first page of the Standard Offense Report is presumed to be an open record, although there may be circumstances in which it may be closed. Social security numbers can be redacted from the SOR. Standard Arrest Reports are mandatorily closed. Police blotters are public, and if arrest information is not included in a blotter, the law enforcement agency is under an obligation to provide blotter type information reasonably contemporaneously with the arrest.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] K.S.A. 1997 Supp. 45-221(a).
[2] K.S.A. 1997 Supp. 45-217(f)(1).
[3] K.S.A. 1997 Supp. 45-217(e)(1).
[4] K.S.A. 1997 Supp. 45-217(b).
[5] L. 1995, Ch. 44, § 1; now K.S.A. 1997 Supp. 45-221(a)(10)(f).
[6] 531 S.W.2d 177 (Tex. 1975) writ ref'd n.r.e. per curiam,536 S.W.2d 559 (Tex. 1976).
[7] K.S.A. 1997 Supp. 45-221(d).
[8] 5 U.S.C. § 552a note.
[9] K.S.A. 22-4705(a)(2).
[10] K.S.A. 1997 Supp. 45-217(b).
[11] K.S.A. 1997 Supp. 22-4701(b)(3).
[12] 168 Kan. 604, 606 (1950).
[13] Black's Law Dictionary 156 (6th ed. 1990). See also HoustonChronicle Pub. Co. v. City of Houston, 531 S.W.2d 177, 180 (Tx.App. 1975), Sheehan v. City of Binghamton, 398 N.Y.S.2d 905, 906 (1977),Newspapers, Inc. v. Breier, 279 N.W.2d 179, 182 (Wis. 1979).
[14] 227 Kan. 676, 686 (1980).
[15] 435 U.S. 589, 55 L.Ed.2d 98 S.Ct. 1306 (1978).
[16] Supra note 11, at 188.