(960 P.2d 252)
No. 78,221

EDWARD BEZONA, *Appellant*, v. M. MORAN TOMSON, *Appellee*.

Opinion filed June 5, 1998.

*Ray E. Simmons*, of Simmons Law Office, of Wichita, for the appellant.

*Wayne R. Tate*, of Sharp, McQueen, McKinley, Dreiling & Morain & Tate, P.A., of Hugoton, for the appellee.

Before RULON, P.J., PIERRON, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

PIERRON, J.: Edward Bezona appeals the trial court's granting of summary judgment in his state malicious prosecution action filed against M. Moran Tomson. The action arose out of a federal civil rights action filed against Bezona and others on behalf of the Fira family, by Tomson, as their attorney. Bezona argues the trial court erred in granting summary judgment to Tomson and in denying his motion to amend his petition to add a claim of punitive damages. We affirm.

On November 9, 1990, Mary Fira called for emergency medical assistance because her son, Fidencio Fira, Jr., (Junior) was having trouble breathing. Stanton County EMS and Stanton County Sheriff Deputies responded to the call and found Junior in the basement bedroom in a seriously intoxicated condition and having trouble breathing. He was taken to the hospital by EMS, examined by

medical personnel, and released to the custody of the Stanton County Sheriff's Department because he was out of control.

Junior was on probation for two cases involving burglary and theft and one case involving burglary, theft, criminal damage to property, and possession of drug paraphernalia. The Stanton County Sheriff Deputies who responded to the call detected a smell of burnt marijuana in the Firas' house. Later that same night, the officers obtained a search warrant for the premises, and in the resulting search, they seized drugs and paraphernalia. Junior was taken into custody and confined in the Stanton County jail. Several days later, on Wednesday, November 14, 1990, he was found dead in his jail cell after committing suicide by hanging himself with an extension cord used to power the television.

On November 9, 1992, Tomson initiated a civil rights action in the United States District Court in Wichita on behalf of Junior's estate and the Firas (Fidencio Fira, Sr., and Mary Fira) against the Board of Stanton County Commissioners, the Stanton County Sheriff (Garrison), the undersheriff (Bezona), four deputies, and three dispatchers. On January 8, 1993, Tomson initiated an identical federal civil rights action against the same defendants. Garrison, Bezona, and Deputy Lorenson were sued in their official capacities and individually.

Bradley C. Ralph was retained as defense counsel for Stanton County and its officers, including Bezona, under an insurance policy held by Stanton County. In his affidavit, Bezona states that he sought independent legal counsel from William Graybill, who did not take part in the civil rights litigation. On three occasions, Ralph orally requested that Bezona be dismissed as a defendant from the civil rights lawsuits, but Tomson refused each request.

On June 27, 1994, the United States District Court, in an unpublished opinion, granted summary judgment in favor of Bezona and the rest of the defendants. The court found the individual defendants (Garrison, Bezona, and Deputy Lorenson) did not act with deliberate indifference to Junior's serious medical needs and that there was no evidence the three violated the law. The court also found Stanton County and all the defendants in their official

capacities did not violate the law or demonstrate any wrongful conduct in the incarceration of Junior.

Of importance regarding Bezona, the court in the order granting summary judgment stated in a footnote:

"The court is especially troubled by plaintiffs' claims against defendant Edward Bezona. Although named as an individual, it does not appear that Bezona had any contact with Fira. When defendants raised the sufficiency of the claims against Bezona (Doc. 112, p. 19.), plaintiffs totally failed to respond in kind, referring instead to the 'sheriff and his deputies.' (Doc. 127, pp. 11 et. seq.). This conduct appears to be inconsistent with the requirements of Rule 11, Fed. R. Civ. P., as well [as] DR 7-102 (Kan. Sup. Ct. R. 225) and [M.R.P.C.] 3.1 of the Code of Professional Responsibility (Kan. S. Ct. R. 226.)"

The court, however, did not pursue the matter further.

Following the entry of judgment, the Firas appealed the adverse summary judgment ruling to the Tenth Circuit Court of Appeals. At the court's required mediation conference, Stanton County's insurance carrier settled the action for a payment in the amount of $16,000.

There was no mention of any reservation of rights or exceptions noted in the release and settlement agreement by Bezona, and there is no claim there were any.

On March 8, 1995, Bezona initiated an ethics complaint against Tomson with the Kansas Disciplinary Administrator, Mark Anderson. Bezona enclosed a copy of the summary judgment order where the judge commented on the ethics of Tomson's conduct. Bezona alleged that Tomson used the lawsuit to harass him. Tomson responded to the complaint. After an extensive investigation, the Disciplinary Administrator's office dismissed the complaint, finding that Tomson did not violate any rule of professional conduct by including Bezona as a defendant.

On June 26, 1995, Bezona filed the malicious prosecution action against Tomson, which is the subject of this appeal. He added a claim for defamation/libel in January 1996. Bezona's motion to amend his petition to add a claim for punitive damages was denied. The court granted summary judgment in Tomson's favor.

Bezona argues the trial court erred in granting summary judgment to Tomson where the uncontroverted facts, construed in a

light favorable to Bezona, clearly established a cause of action for malicious prosecution.

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citations omitted.]" *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260-61, 891 P.2d 435 (1995).

The parties are in agreement as to what Bezona must prove in order to prevail on his claim for malicious prosecution. In *Lindenman v. Umscheid*, 255 Kan. 610, Syl. ¶ 7, 875 P.2d 964 (1994), the Supreme Court indicated that malicious prosecution required the proof of five elements:

"The following elements are required to establish a malicious prosecution claim: (1) Defendant initiated, continued, or procured the proceeding of which complaint is made; (2) defendant in doing so acted without probable cause; (3) defendant acted with malice; (4) the proceedings terminated in favor of plaintiff; and (5) plaintiff sustained damages."

Although the trial court ruled Bezona had failed to establish any element except the first one, we will focus on the trial court ruling that Bezona failed to establish the element that the original proceeding was terminated in Bezona's favor. The court found that the settlement in the Tenth Circuit Court of Appeals terminated the actions against Stanton County, the sheriff's department, and Bezona for $16,000. The court also found the settlement was paid by or on behalf of all the defendants, including Bezona.

Interestingly, Bezona argues the civil rights action was clearly terminated in *his* favor. Bezona describes the settlement as a "nuisance value settlement at mediation by the Tenth Circuit Court of Appeals."

The court in *Nelson v. Miller*, 227 Kan. 271, 607 P.2d 438 (1980), described what constituted a termination of the civil proceedings in favor of the person against whom the prior civil action was brought. The court stated: "Civil proceedings may be terminated in favor of the person against whom they are brought by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them." 227 Kan. at 280 (citing Restatement (Second) of Torts § 674, comment j [1976]).

It is clear this case was settled "in favor" of the Firas for $16,000. We are aware of no "nuisance value settlement" exception to the rule.

The trial court did not err in finding that the civil rights actions were terminated in favor of the Firas. Consequently, Bezona fails to establish this necessary element for a successful claim of malicious prosecution.

While the trial court may also have been correct in granting summary judgment for failure to satisfy other requirements for establishing a malicious prosecution cause of action, we need not address those issues.

Bezona also argues the trial court erred in denying his motion to amend his petition to add a claim of punitive damages. Since we have decided summary judgment on the underlying cause of action was proper, this issue is obviously moot.

We wish to note that counsel for the appellee was very lax in citing to the record in support of his arguments. This made it much more difficult than necessary to analyze this matter completely.

Affirmed.