**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCEL WISZNIA, individually and as
Executor of the Estate of Walter Wisznia,
d/b/a WISZNIA ASSOCIATES,

    Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE,

    Defendant-Appellee.

No. 02-2126

(D.C. No. CIV-00-1184LH/WWD)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY** and **McKAY**, Circuit Judges.

Plaintiff Marcel Wisznia appeals from the district court's grant of summary

judgment in favor of defendant, the City of Albuquerque, on res judicata grounds. We

exercise jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand for further

proceedings.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

I.

In late 1998 or early 1999, the New Mexico Department of Corrections (DOC) sought bids for the construction and lease of a probation and parole office in the City of Albuquerque (the City). Marcel Wisznia and Walter Wisznia, doing business as Wisznia Associates, submitted a bid to the DOC proposing to build a 23,300 square-foot building located on a 2.34 acre site in the Yale Business Park in the City. The DOC ultimately awarded the bid to the Wisznias and, on May 18, 1999, entered into a lease with the Wisznias for the proposed building. In pertinent part, the lease required the building to be completed and ready for occupancy by April 1, 2000.

On May 28, 1999, the Wisznias submitted to the City a site plan for the proposed building, as was necessary to obtain a building permit. At the time of the submission, the site was allegedly zoned for "office and institution," "community commercial," and "industrial park" uses. Aplt. App. at 16. Following the Wisznias' submission, the staff of the City's Planning Department recommended approval of the site plan, subject to certain design changes that were acceptable to the Wisznias. In light of this recommendation, the Wisznias proceeded to purchase, for approximately $375,000.00, the site intended for the proposed building. The Wisznias also allegedly "expended substantial amounts in planning and architectural fees." Id. at 17.

On July 15, 1999, the Wisznias' proposed site plan came before the City's Environment Planning Commission (EPC) for the first time. During that hearing, none of

2

the EPC's members questioned whether the site was properly zoned for the proposed use, and one member expressly noted that the site was properly zoned. However, the EPC "expressed concern about the layout of the site plan, the building design and the use of chain link fencing with barb wire strands." Id. at 45. Accordingly, the EPC voted to defer a decision on the Wisznias' request until its next scheduled meeting on August 26, 1999. At the August 26, 1999, meeting, the EPC again voted to defer a decision on the Wisznias' proposed site plan until September 9, 1999.

On September 8, 1999, the Victory Hills Neighborhood Association, which represented the residential neighborhood closest to the site, held a meeting during which two New Mexico state representatives allegedly appeared and spoke in opposition to the proposed probation and parole office. One of those state representatives also allegedly contacted members of the EPC regarding the proposed office.

On September 9, 1999, the chairman of the EPC was allegedly contacted by two sources. First, Albuquerque Mayor Jim Baca allegedly sent a letter to the chairman asking that the meeting scheduled for that day be deferred. Second, United States Representative Heather Wilson allegedly contacted the chairman and expressed concerns from a constituent regarding the proposed probation and parole office. According to the Wisznias, both of these communications were received by the chairman in violation of the EPC's rules.

Although the EPC conducted its scheduled meeting on September 9, 1999, it took

3

no action on the Wisznias' proposed site plan and instead deferred that matter until October 21, 1999. Subsequently, on October 1, 1999, the Wisznias, through their counsel, sent a letter to the City asking if the issue of zoning for the proposed probation and parole office would be an issue at the EPC's October 21, 1999 hearing. On October 6, 1999, the City's Zoning Enforcement Manager (ZEA) sent a letter directly to the Wisznias advising them "that the proposed building could only be built on a site zoned SU-1 for specific use as a 'correctional or disciplinary institution.'" Id. at 20. Although the Wisznias, through counsel, asked the ZEA to reconsider his position on this matter, he never responded to their request.

On October 21, 1999, the EPC conducted its planned meeting and rejected the Wisznia's proposed site plan. In doing so, the EPC relied upon the ZEM's October 6, 1999 letter. The Wisznias appealed the EPC's decision to the City Council's Land Use, Planning and Zoning Committee (LUPZC), which, after a public hearing, upheld the EPC's decision and voted that the appeal should not be heard by the full City Council. On December 17, 1999, the City Council adopted the LUPZC's recommendation and summarily denied the Wisznias' request.

On January 18, 2000, the Wisznias appealed the City Council's December 17, 1999, decision to the Second Judicial District Court in Bernalillo County, New Mexico. In that administrative appeal, the Wisznias asserted four issues: (1) whether the City zoning authorities misinterpreted and misapplied the zoning ordinances in denying the Wisznias'

4

proposed site plan; (2) whether there was substantial evidence to support the findings on which the City zoning authorities relied in denying the proposed site plan; (3) whether the City's decision was an impermissible attempt to set public policy, instead of following the policy already in place under the City's zoning code; and (4) whether the City's decision was arbitrary, capricious and a manifest abuse of discretion.

On February 21, 2000, approximately one month after the Wisznias filed their administrative appeal, the DOC terminated its lease agreement with the Wisznias due to the Wisznias' inability to build the proposed probation and parole office and perform its lease obligations by the required occupancy date. To mitigate their damages, the Wisznias allegedly sold the proposed site to a nonprofit corporation at a loss.

On July 7, 2000, the Wisznias filed this civil action against the City in state district court, asserting claims for "deprivation of its civil rights under 42 U.S.C. § 1983, as well as inverse condemnation for the temporary and permanent takings of its property." Id. at 170; see id. at 15. On August 15, 2000, the Wisznias moved to consolidate this action with the pending administrative appeal. However, one day later, on August 16, 2000, the City removed this action to federal district court. The City subsequently filed an answer to the Wisznias' complaint. Notably, the City's answer made no mention of, or objection to, the fact that the Wisznias were pursuing a related administrative appeal. Instead, the City's answer asserted, in pertinent part, that the Wisznias' "claims for constitutional violations [we]re barred because [the Wisznias] ha[d] failed to exhaust their administrative

5

remedies and State Court right to appeal." Id. at 69.

On October 27, 2000, the Wisznias moved to dismiss their administrative appeal without prejudice, or alternatively, to supplement the record on appeal. In their motion, the Wisznias argued, in part, that their sale of the site had rendered their administrative appeal moot. The Wisznias also argued that the City's removal of their civil action was forcing them "to litigate the legality of the City's action in two separate forums." Id. at 182. Thus, the Wisznias asked the state district court to dismiss the administrative appeal without prejudice "to [their] rights to pursue [their] common law remedies in the suit . . . pending in federal court . . . ." Id. at 183. On March 14, 2001, the state district court issued a written order granting the Wisznias' motion to dismiss. In doing so, however, the state district court ordered the administrative appeal "dismissed with prejudice." Id. at 177.

On June 1, 2001, the City moved for summary judgment in this federal civil action on the basis of claim preclusion. In their response to the City's summary judgment motion, the Wisznias argued, in part, that the City had waived the defense of claim preclusion by failing to affirmatively plead the defense in its answer, and that, in any event, there was no merit to the claim preclusion defense. On July 3, 2001, the City moved to amend its answer to add the affirmative defense of claim preclusion.

The district court subsequently granted both the City's motion to amend and its motion for summary judgment. In doing so, the district court concluded, in pertinent part,

6

that both the civil action and the administrative appeal "ar[o]se from the same transaction," i.e., "the City's denial of the[] [Wisznias'] zoning permit application," and thus "the allegations in" the civil lawsuit were "part of the claims the Wisznias asserted in" the administrative appeal. Id. at 314. The district court further noted that the state district court, in dismissing the administrative appeal, advised the Wisznias that it was dismissing their appeal with prejudice and that they "should [thus] proceed to appellate relief immediately.'" Id. at 315 (quoting letter from state district court to Wisznias). Finally, the district court concluded that the state district court "had jurisdiction to consider" the Wisznias' civil claims, including their § 1983 claims, in the context of the administrative appeal. Id. at 316.

Plaintiff Marcel Wisznia, appearing individually and as executor of the Estate of Walter Wisznia, now appeals.

## II.

Wisznia asserts two general issues on appeal. First, he contends the district court erred in allowing the City to amend or supplement its answer to include the affirmative defense of claim preclusion. Second, Wisznia contends that even if the district court did not err in allowing the City to supplement its answer to include the res judicata defense, the district court nevertheless erred in granting summary judgment in favor of the City on that defense. Addressing these issues in reverse order, we conclude, for two separate reasons outlined below, that the doctrine of claim preclusion does not prevent Wisznia

7

from pursuing this civil action against the City, and that the district court erred in concluding otherwise. Thus, we find it unnecessary to determine whether the district court erred in allowing the City to amend or supplement its answer.

*Standard of review*

We review de novo a district court's grant or denial of summary judgment, applying the same standard as the district court. See Alexander v. Oklahoma, 382 F.3d 1206, 1215 (10th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "We view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the nonmoving party." Combs v. PriceWaterhouse Coopers LLP, 382 F.3d 1196, 1199 (10th Cir. 2004).

Because this is a diversity action, we must apply the substantive law of the forum state, i.e., New Mexico, as promulgated by that state's highest court. See Cooper v. Cent. & Southwest Servs., 271 F.3d 1247, 1251 (10th Cir. 2001). In the absence of a decision by the forum state's highest court, we must predict how that court would rule if faced with the issue. See Vanover v. Cook, 260 F.3d 1182, 1186 (10th Cir. 2001). In doing so, we review de novo the district court's interpretation of applicable state law. Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995).

*Res judicata*

"Under the doctrine of res judicata," as recognized under New Mexico law, "a judgment on the merits in a prior lawsuit bars a subsequent action involving the same parties and the same cause of action." Kepler v. Slade, 896 P.2d 482, 484 (N.M. 1995). "For res judicata to apply" under New Mexico law, "the first and second lawsuits must be identical in four ways: '(1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter." Id. (quoting Silva v. State, 745 P.2d 380, 382 (N.M. 1987)). The parties in the lawsuits must also have had a "full and fair opportunity to litigate all issues arising out of th[e] claim." W.G. Myers v. Olson, 676 P.2d 822, 824 (N.M. 1984).

*a) Waiver of defense by the City*

Wisznia asserts that the City, by removing the civil action to federal court, effectively agreed to have the civil claims litigated separately from the administrative appeal, and thus waived any res judicata defense it may have had. We agree.

In applying the doctrine of claim preclusion, the New Mexico courts generally adhere to the principles of law outlined in the Restatement (Second) of Judgments. E.g., Apodaca v. AAA Gas Co., 73 P.3d 215, 240 (N.M. Ct. App. 2003). According to the Restatement, "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." Restatement (Second) of Judgments § 19. This general rule does not apply, however, if "[t]he parties have agreed

9

in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein . . . ." Restatement (Second) of Judgments § 26(1)(a). More specifically,

> [w]here the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

Id., Comment a. Notably, the Restatement provides an illustration of how such acquiescence might occur:

> After a collision in which A suffers personal injuries and property damage, A commences in the same jurisdiction one action for his personal injuries and another for the property damage against B. B does not make known in either action his objection (usually called "other action pending") to A's maintaining two actions on parts of the same claim. After judgment for A for the personal injuries, B requests dismissal of the action for property damage on the ground of merger. Dismissal should be refused as B consented in effect to the splitting of the claim.

Id., Comment a., Illustration 1.

Applying those principles here, it is apparent that the City acquiesced in the splitting of Wisznia's claims. After Wisznia filed this civil action in state district court, he filed a motion asking the state district court to consolidate it with his pending administrative appeal. Before the state district court could rule on Wisznia's motion to consolidate, the City removed this civil action to federal district court.[1] After doing so, the

---

[1] The City argues its counsel was unaware of Wisznia's motion to consolidate when he filed the notice of removal. Whether counsel was aware of the motion or not,

10

City filed an answer but made no objection therein that Wisznia was splitting his claims. Likewise, there is no indication that the City objected in the administrative appeal to Wisznia maintaining two actions on parts of the same claim. Indeed, only after the state district court dismissed the administrative appeal did the City then seek to amend or supplement its answer in this civil action to plead the defense of res judicata. In sum, the City, through its actions, effectively waived any res judicata defense it may have had. E.g., Klipsch, Inc. v. WWR Tech., Inc., 127 F.3d 729, 734-35 (8th Cir. 1997) (concluding, in diversity case subject to Indiana state law, that district court erred in granting summary judgment in favor of defendant on res judicata defense because defendant had acquiesced in the splitting of plaintiff's claims); Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 328 (9th Cir. 1995) (concluding that defendant waived res judicata defense by acquiescing in the splitting of plaintiff's claims); Calderon Rosado v. General Elec. Circuit Breakers, Inc., 805 F.2d 1085, 1087 (1st Cir.1986) (refusing to apply claim preclusion because defendant acquiesced to splitting of claim when he failed to object or complain while the two actions were pending); see generally Xorbox v. Naturita Supply Co., 681 P.2d 1114, 1117 (N.M. 1984) (holding that defense of res judicata can, as a result of a defendant's actions or inactions, be waived under New Mexico law).

---

counsel was aware that Wisznia had filed both an administrative appeal and a civil action in state district court, and by the City's removal of one action it effectively acquiesced in the splitting of Wisznia's claims.

11

*b) Was there a final decision on the merits?*

Even assuming, for purposes of argument, that the City did not waive its res judicata defense, we agree with Wisznia that there is no merit to the defense because the state district court's dismissal of his administrative appeal was not a final decision on the merits.

Generally speaking, the New Mexico courts have held "that a dismissal with prejudice is an adjudication on the merits for purposes of res judicata." Hope Comm. Ditch Ass'n v. New Mexico State Engineer, 105 P.3d 314, 317 (N.M. Ct. App. 2004). However, a dismissal for lack of standing is not considered to be on the merits, even if the order of dismissal nominally states otherwise. See id. The same appears to hold true for dismissals based on mootness. Although the New Mexico courts have never directly addressed the question, it is well-established in other jurisdictions that a dismissal on the grounds of mootness effectively indicates that the ruling court lacked jurisdiction over the matter, and thus the dismissal does not operate as a ruling on the merits of the action, even if the ruling nominally indicates otherwise. See Florida Public Interest Research Group Citizen Lobby, Inc. v. EPA, 386 F.3d 1070, 1086 (11th Cir. 2004) (holding that "mootness is jurisdictional" and that "[a]ny decision on the merits of a moot case would be an impermissible advisory opinion") (internal quotations omitted); Dahlem by Dahlem v. Board of Educ. of Denver Public Schools, 901 F.2d 1508, 1513 n.6 (10th Cir. 1990) ("The distinction between a dismissal for mootness and one on the merits is significant."); Pujol

v. Shearson/American Express, Inc., 829 F.2d 1201, 1209 n. 3 (1st Cir. 1987) (rejecting appellees' contention concerning the res judicata effect of a dismissed action in Puerto Rico Superior Court because that action "was dismissed as moot and accordingly has no *res judicata* effect"); District of Columbia Hosp. Ass'n v. District of Columbia, 73 F.Supp.2d 8, 12 (D.D.C. 1999) (stating that where a previous suit was dismissed as moot, a subsequent suit is not barred by res judicata since the merits of the claims were never tested.); Cannon v. Durham Co. Bd. of Elections, 959 F.Supp. 289, 294 (E.D.N.C. 1997) (holding that, under North Carolina law, "a dismissal for mootness is simply a type of dismissal based on lack of jurisdiction" and accordingly does not operate as a "judgment on the merits" for res judicata purposes); Anast v. Commonwealth Apts., 956 F.Supp. 792, 797 (N.D. Ill. 1997) (noting that, under Illinois law, "a cause deemed moot will not be res judicata, since there is no judgment on the merits"); Fabrizio v. U.S. Suzuki Motor Corp., 289 N.E.2d 897, 898 (Mass. 1972) ("a dismissal based on mootness is not a decision on the merits"); Farkas v. New York State Dept. of Civil Serv., 494 N.Y.S.2d 178, 180 (N.Y. App. Div. 1985) ("we conclude that the dismissal of the prior proceeding herein as moot was not a final determination on the merits and, therefore, should not be accorded res judicata effect beyond the question decided therein."); see also Restatement (Second) of Judgments § 20(1)(a) ("A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim . . . [w]hen the judgment is one of dismissal for lack of jurisdiction . . . ."). In light of this authority, we predict that

13

the New Mexico Supreme Court, if faced with the issue, would agree that a dismissal based on mootness does not constitute a judgment on the merits for res judicata purposes.

In turn, we reject the district court's conclusion that a judgment on the merits was rendered in Wisznia's administrative appeal. In his administrative appeal, Wisznia asked the state district court to "reverse the City's ruling" rejecting his proposed site plan. App. at 139 (statement of issues in administrative appeal). In other words, Wisznia effectively asked the state district court to issue an order approving of his proposed site plan, so that he could obtain a building permit to complete the proposed probation and parole office. Before the administrative appeal could be resolved, however, the DOC terminated its lease with Wisznia, and Wisznia in turn sold the subject property in an attempt to cut his monetary losses. Following these events, Wisznia then moved to dismiss the administrative appeal without prejudice on the grounds that the sale of the property had rendered the appeal moot. The state district court purported to grant Wisznia's motion, but stated in its one-page ruling that the dismissal was "with prejudice." App. at 177; see also id. at 228 (letter from state district court to Wisznia's counsel noting that it "intend[ed] to sign an Order dismissing with prejudice and therefore [he] should proceed to appellate relief immediately."). Notwithstanding the language used by the state district court in its order of dismissal, our review of the record clearly establishes that the basis for the state district court's order was mootness.[2]  Id. at 220 (in its reply in support of its motion for

_____

[2] In its order granting summary judgment in favor of the City, the district court concluded that the state district court "considered and decided the issues raised in the

14

summary judgment, the City admitted the administrative appeal was dismissed for mootness). Accordingly, even though the state district court nominally dismissed Wisznia's administrative appeal "with prejudice," that order of dismissal, based as it was on the grounds of mootness, does not constitute a judgment on the merits for res judicata purposes. Thus, contrary to the conclusion reached by the district court, we conclude that the state district court's decision has no preclusive effect for purposes of this federal civil action.[3]

We REVERSE the district court's grant of summary judgment and REMAND for further proceedings.

Judge Murphy concurs in Parts I and II(b), as well as in the judgment.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

Wisznias' statement of issues [in their administrative appeal] which included: (1) whether the City misinterpreted the zoning ordinances; (2) whether there was substantial evidence to support the findings of the City; and (3) whether the City's decision was an impermissible attempt to set policy and whether its decision was arbitrary, capricious and a manifest abuse of discretion." App. at 315. We disagree. As noted, the state district court's order of dismissal was one-page long, and simply stated that it was granting Wisznia's motion to dismiss. Further, a review of Wisznia's motion indicates that it was based primarily on the ground of mootness.

[3] We accordingly find it unnecessary to address Wisznia's assertions that (a) he did not have a full and fair opportunity to litigate his civil claims in the context of the administrative appeal, or (b) that the causes of action in the two lawsuits were not the same.